**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

STEVEN RAMIREZ, on behalf of himself and all those similarly situated,
64 Florida Street
Elizabeth NJ 07201

and

TREAVOR STODDART, on behalf of himself and all those similarly situated,
1620 Heilmandale Rd.
Lebanon, PA 17046

and

FRANCISCO WAYNE, on behalf of himself and all those similarly situated,
73 Sanford Place
Jersey City New Jersey 07307

Plaintiffs,

v.

VEZE WIRELESS of JERSEY CITY, INC.
d/b/a/ WE R WIRELESS
30 Mall Drive W. Sutie K107
Jersey City NJ 07310

and

VEZE WIRELESS of TINTON FALLS, INC.
d/b/a WE R WIRELESS
2000 Clements Bridge Rd, Suite 10
Deptford NJ 08096

and

VEZE WIRELESS, INC. d/b/a
WE R WIRELESS
2000 Clements Bridge Rd., Suite 103
Deptford, NJ 8096

and

CIVIL ACTION NO:

WARREN ADELMAN
c/o VEZE WIRELESS INC.
1890 Woodhaven Rd
Philadelphia PA 19101

Defendants.

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Steven Ramirez, Treavor Stoddart and Francisco Wayne (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby aver as follows against Defendants Veze Wireless of Jersey City, Inc. d/b/a We R Wireless of Jersey City, Veze Wireless of Tinton Falls, Inc., d/b/a We R Wireless of Tinton Falls, Veze Wireless Inc., d/b/a We R Wireless and Warren Adelman (hereinafter collectively "Defendants"):

**INTRODUCTION**

1. This action arises out of Defendants' violations of the Fair Labor Standards Act ("FLSA"). Defendants intentionally failed to pay Named Plaintiffs and those similarly situated overtime compensation earned while in the employ of Defendants. As a result of Defendants' unlawful actions, Named Plaintiffs and those similarly situated have suffered harm.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

**PARTIES**

5. Plaintiff Steven Ramirez ("Plaintiff Ramirez") is an adult individual with an address as set forth in the caption.

6. Plaintiff Treavor Stoddart ("Plaintiff Stoddart") is an adult individual with an address as set forth in the caption.

7. Plaintiff Francisco Wayne ("Plaintiff Wayne") is an adult individual with an address as set forth in the caption.

8. Defendant Veze Wireless of Jersey City, Inc. d/b/a We R Wireless of Jersey City ("Defendant We R Wireless of Jersey City") is a corporation which does business in the state of New Jersey and engages in the sale and distribution of Verizon Wireless products, accessories and services.

9. Defendant Veze Wireless of Tinton Falls, Inc. d/b/a We R Wireless of Tinton Falls ("Defendant We R Wireless of Tinton Falls") is a corporation which does business in the state of New Jersey and engages in the sale and distribution of Verizon Wireless products, accessories and services.

10. Defendant Veze Wireless Inc., d/b/a We R Wireless ("Defendant We R Wireless") is corporation which does business in the state of New Jersey and engages in the sale and distribution of Verizon Wireless products, accessories and services.

11. Defendant Warren Adelman is an officer of Defendant We R Wireless who was and is responsible for compensating Named Plaintiffs.

12. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees by Defendants who worked or work for Defendants as "Store Managers" and/or "Sales Representatives" and who are/were subject to Defendants' unlawful pay practices and policies (the members of this putative class will be referred to as "Collective Action Plaintiffs").

14. Specifically, Named Plaintiffs seek to represent all individuals who worked or work for Defendants in New Jersey within the last three years as a "Store Managers" and/or "Sales Representatives" or in a job title with similar non-exempt duties and who were subjected to similar compensation procedures as Named Plaintiffs.

15. Despite the difference in duties, Store Managers and Sales Representatives duties are substantially similar and subjected to the same compensation procedures. Therefore individuals who work for or worked for Defendants in either position are similarly situated.

16. Named Plaintiffs seek this Court to create two separate sub-classes of putative class members, one sub-class for employees who were titled as a "Store Manager," and one sub-class for employees who were titled as a "Sales Representative."

17. Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all Collective Action Plaintiffs, were employed by Defendants with the last two years in New Jersey whom Defendants required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by the Fair Labor Standards Act ("FLSA").

18. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

19. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

20. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

21. The foregoing paragraphs are incorporated herein as if set forth in full.

22. Upon information and belief, Defendants have maintained an unlawful pay system for at least the last three years.

23. Named Plaintiffs and Collective Action Plaintiffs were and continue to be subjected to the unlawful pay system of Defendants.

24. Plaintiff Ramirez was hired by Defendants in or around May 2010, continues to work for Defendants through the present, and plans to continue working for Defendants for the foreseeable future.

25. During the course of his employment Defendants have assigned Plaintiff Ramirez to the role of Store Manager and Sales Representative. Plaintiff Ramirez is currently a Sales Representative.

26. Plaintiff Stoddart was hired by Defendants in or around July 2010, continues to work for Defendants through the present, and plans to continue working for Defendants for the foreseeable future.

27. Plaintiff Stoddard was hired by Defendants as a Store Manager and continues to serve as a Store Manager.

28. Plaintiff Wayne was hired by Defendants in or around on or about December 1, 2010 and worked for Defendants until on or about July 1, 2011.

29. Plaintiff Wayne served as a Sales Representative for Defendants throughout his employment.

30. The Store Manager's duties are primarily customer service oriented in nature. In addition, Store Managers are required to maintain inventory records for the store to which they are assigned.

31. The Sales Representative's duties are primarily customer service oriented in nature.

32. At all relevant times hereto, the Store Managers' and Sales Representatives' duties were substantially similar with similar compensation procedures.

33. The only difference between the Store Manager and Sales Representative are the title and the requirement of the Store Manager to keep inventory.

34. Despite Named Plaintiffs and Collective Action Plaintiff's remedial job duties, Defendants classified both Store Managers and Sales Representatives as salaried employees.

35. However, Named Plaintiffs and Collective Action Plaintiff's have not and do not serve as executives of the company as they never had or have any discretion in making any decisions which were of consequence to Defendants' business and/or operation.

36. At all times relevant hereto, Named Plaintiffs and Collective Action were not delegated the responsibility to hire employees of Defendants.

37. At all times relevant hereto, Named Plaintiffs and Collective Action were not delegated the responsibility to fire employees of Defendants.

38. At all times relevant hereto, Named Plaintiffs and Collective Action Plaintiffs were not delegated the responsibility to discipline employees of Defendants.

39. At all times relevant hereto, Named Plaintiffs and Collective Action Plaintiffs were not delegated the responsibility to schedule employees of Defendants.

40. At all times relevant hereto, Named Plaintiffs and Collective Action Plaintiffs did not perform any meaningful or typical managerial and/or supervisory duties for Defendants.

41. Accordingly, Named Plaintiffs and Collective Action Plaintiffs were and are non-exempt hourly employees of Defendants.

42. Named Plaintiffs and Collective Action Plaintiffs regularly worked for Defendants in excess of 40 hours per workweek, often working in excess of 80 hours per workweek.

43. Defendants failed to pay Named Plaintiffs and Collective Action Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that Named Plaintiffs and Collective Action Plaintiffs worked in excess of 40 in a workweek.

44. As a result of Defendants' aforesaid illegal actions, Named Plaintiffs and Collective Action Plaintiffs have suffered damages.

**COUNT I**
**Fair Labor Standards Act (FLSA)**
**(failure to pay overtime compensation)**
**(Plaintiffs and Collective Action Plaintiffs)**

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Defendants were and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

47. Defendants' employees, by virtue of their employment duties for Defendants, affect interstate commerce.

48. Defendants' annual revenue exceeds $500,000.

49. At all times, Defendant Adelman acted directly and/or indirectly in the interest of Defendant in relation to Named Plaintiffs' and Collective Action Plaintiffs' pay.

50. Named Plaintiffs and Collective Action Plaintiffs were and/or are employed by Defendants as non-exempt employees within the meaning of the FLSA.

51. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times the employee's hourly rate for each hour worked in excess of forty per workweek.

52. Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiffs and Collective Action Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek

53. As a result of Defendants' aforesaid illegal actions, Named Plaintiffs and Collective Action Plaintiffs have suffered damages.

**WHEREFORE,** Named Plaintiffs and Collective Action Plaintiffs pray that this Court enter an Order providing that:

a) Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom in violation of state law;

b) Defendants are to compensate, reimburse, and make Named Plaintiffs and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

c) Named Plaintiffs and Collective Action Plaintiffs are to be awarded liquidated damages for Defendant's illegal actions;

d) Named Plaintiffs and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees;

e) Named Plaintiffs and Collective Action Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

                Respectfully submitted,

                **SWARTZ SWIDLER, LLC**

                *s/Justin L. Swidler*
                Justin L. Swidler, Esq.
                Richard S. Swartz, Esq.
                1878 Marlton Pike East, Suite 10
                Cherry Hill, NJ 08003
                Phone: (856) 685-7420
                Fax: (856) 685-7417

Dated: August 2, 2011